UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ROSENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05-CV-777 SNL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Joseph Rosenberg for leave to commence this action without payment of the required filing fee pursuant to 28 U.S.C. § 1915(a)(1). Upon review of plaintiff's financial affidavit, the Court will deny him leave to proceed in forma pauperis.

### **Financial Affidavit**

In his financial affidavit, plaintiff states that (1) he is employed as a corrections officer and earns a monthly income of $2,800; (2) his spouse is employed and earns a monthly income of $2,300[1]; (3) in the past twelve months, he has not received "other income"; (4) he has no cash on hand or money in a checking a checking or savings account; (5) he owns a home valued at $100,000, a 1999 "GMC Pick-up" valued at $10,000 and a 2002 "Envoy" valued at $15,000; (6) he has three dependents, including his wife; (7) his debts include a mortgage ($800 per month/$100,000 total debt), and two car payments ($300 per month/$10,000 total debt and $360 per month/$15,000 total debt).

---

[1]The Court notes that in <u>Lee v. McDonald's Corporation</u>, 231 F.3d 456 (8th Cir. 2000), the Eighth Circuit Court of Appeals held that plaintiff's in forma pauperis status was to be based upon his financial status, independent of his wife's assets to which she had denied him access. In the case at hand, it is unclear whether plaintiff has access to his wife's monthly income. Regardless, plaintiff's financial information alone is sufficient to deny him leave to proceed in forma pauperis.

**Discussion**

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without payment of fees or security therefor, by a person who makes affidavit . . . that the person is unable to pay such fees or give security therefor." This statutory provision guarantees that no citizen shall be denied access to the federal courts "solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). The decision to grant or deny in forma pauperis status is within the discretion of the district court. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially able to pay the filing fee of Two Hundred and Fifty Dollars ($250). See 28 U.S.C. § 1914(a).

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order to pay the $250 filing fee.[2]

---

[2]The Court notes that if plaintiff pays the filing fee, he will be responsible for serving the summons and the complaint upon the defendants, see Fed. R. Civ. P. 4(c), or requesting the defendants to waive service of summons. See Fed. R. Civ. P. 4(d). Plaintiff is advised that he may seek guidance on serving the defendants from the Office of the Clerk.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the filing fee within thirty (30) days, the Court will dismiss this action, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated this  5th  day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE